UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RHONDA DENNIE, Individually and as Personal representative of the Estate of V.K., Jr., deceased,<br>　　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CAUSE NO.: 2:23-CV-16-JVB-JEM |
| INDIANA DEPARTMENT OF EDUCATION *et al.*,<br>　　　　Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendants Indiana Department of Education and Indiana Board of Education's Motion to Dismiss [DE 13] ("State Defendants"), filed on March 22, 2023 and Defendant City of Gary's Motion to Dismiss [DE 26], filed on May 25, 2023. Plaintiff filed her responses on April 5, 2023 and May 26, 2023, which Plaintiff was granted leave to amend on June 21, 2023. Defendants filed their replies on April 12, 2023 and May 31, 2013. For the reasons described below, the motions to dismiss are granted.

## BACKGROUND

Plaintiff's Amended Complaint alleges as follows: V.K. was a freshman at Westside Leadership Academy in Gary Indiana on September 1, 2021. On September 1, 2021, another student at Westside ("Student A") made threats to V.K., which were overheard by employees of Westside. Student A brought a gun to Westside that day. The metal detectors at Westside were not functioning on September 1, 2021, and had not been functioning for "some time." Pl. Am. Compl. ¶ 15 [DE 4, p. 3]. At the end of the school day, V.K. boarded the school bus. V.K. exited the bus with a group of classmates several miles from his home. Student A fired his gun and one of the shots struck V.K. in the liver. V.K. made his way to his sister's home and she took him to the

hospital, where he was admitted to the emergency room, underwent surgery, and remained in intensive care for over a week. V.K. subsequently died, on May 31, 2023, and his estate was substituted as a party plaintiff.

Plaintiff sued alleging that State Defendants violated 42 U.S.C. § 1983 (Count I), the Equal Protection Clause of the Fourteenth Amendment (U.S. Const. amend. XIV) and the Indiana Constitution (Ind. Const. art. I, § 23) (Count II) by failing to ensure that Westside implemented "consistent and fair safety guidelines to protect their students from gun violence." Pl. Am. Compl. ¶ 31 [DE 4, p. 5]. Plaintiff also alleges that State Defendants breached their duty to ensure that Westside "adequately enforce[d] policies for their city provided school buses to responsibly ensure that students are safely dropped off within a reasonable walking distance of their home or at their designated drop off spot." Pl. Am. Compl. ¶ 32 [DE 4, p. 5]. Plaintiff sued the City of Gary, alleging that "on information and belief, Westside Leadership Academy at all times relevant was under the guidance and control of the Advisory Board for Gary Community School Corp., Gary Community School Corp., City of Gary, the Indiana Department of Education, and the Indiana State Board of Education." Pl. Am. Compl. ¶ 12 [DE 4, p. 3]. Plaintiff argues that V.K., and a majority of students at Westside, were members of a racial minority.

State Defendants move to dismiss the Amended Complaint, arguing that they are not "persons" subject to § 1983 claims, that they are entitled to Eleventh Amendment immunity, and the Indiana Constitution does not provide for private rights of action. Gary moves to dismiss the Amended Complaint, arguing that it is not a proper party defendant because it "not the municipal corporation responsible for the school corporation and does not direct the school corporation in any respects." Gary's Mem. p. 2 [DE 27].

2

## ANALYSIS

The State Defendants argue that the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

Both the State Defendants and Gary argue that the Amended Complaint should be dismissed as to them under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

### A.    State Defendants

State Defendants argue that, as state entities, they are not "persons" subject to Section 1983 claims. State Defendants also argue that they are entitled to Eleventh Amendment immunity. Plaintiff argues that although precedent suggests that State Defendants are not suable persons, they should be in this instance because they were performing duties usually reserved for municipal actors.

A Section 1983 claim requires a Plaintiff to show that (1) the defendant deprived the plaintiff of a constitutional right, and (2) the defendant acted under color of state law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). However, before the Court can get to the issue of whether a constitutional deprivation was alleged, or whether there is immunity from suit under the Eleventh Amendment, it must address the statutory defense of whether the State Defendants are suable persons. *Vermont Agency of Natural Resources v United States ex rel Stevens,* 529 U.S. 765, 779 (2000) ("We nonetheless have routinely addressed *before* the question whether the Eleventh

Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself *permits* the cause of action it creates to be asserted against States (which it can do only by clearly expressing such an intent.").

Plaintiff argues that because the Supreme Court held in 1921 that an actor, acting on behalf of a State, shared Eleventh Amendment immunity, *Ex Parte New York*, 256 U.S. 490, 500 (1921), that "there is no discernible reason why the reverse should not also be true—that a State agency standing in for a municipal or other body would not, in so doing, abrogate that immunity." Pl. Mem. p. 3 [DE 38-1]. However, the sole case they cite for this proposition, *S.J. Groves & Sone v. New Jersey Turnpike Auth.*, 268 F. Supp. 568, 579 (D. N.J. 1967), does not support their argument. In *S.J. Groves*, the district court held that the New Jersey Turnpike Authority was an independent entity, acting on its own behalf and not dependent on the state treasury for its funds. *S.J. Groves*, 268 F. Supp., at 578. No such allegations are made here.

Plaintiff alleges, in her Amended Complaint, that Defendant Indiana Department of Education is "a state governmental agency in the State of Indiana" and that Defendant Indiana State Board of Education is also "a state governmental agency in the State of Indiana." Pl. Am. Compl. ¶¶ 9, 10 [DE 4, p. 1].

The Court accepts Plaintiff's factual allegations as true. Because a state agency is not a "person" for the purpose of a constitutional claim brought under § 1983, including § 1983 claims brought pursuant to the Equal Protection Clause of the Fourteenth Amendment, these claims fail against the State Defendants. *See Will v. Dep't of State Police,* 491 U.S. 58, 70-71 (1989); *Sanders v. Ind. Dep't of Child Servs*, 806 F. App'x 478, 480 (7th Cir. 2020). ("Therefore, 'consistent with the principle of avoiding unnecessary constitutional decisionmaking,' we conclude that [Plaintiff's] claims are barred because he is seeking damages

($62 million) against the Department, which is not a suable 'person' within the meaning of § 1983."); *Thomas v Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Finally, the State Defendants argue that the Indiana Constitution Equal Protection Clause does not provide for a private right of action for damages. *See Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 27 N.E.3d 737, 749 (Ind. 2015) (here the Education Clause [of the Indiana Constitution] does not provide a private right of action to pursue monetary damages'); *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 865 (S.D. Ind. 2006) (explaining that federal courts applying Indiana law "consistently decline[] to find an implied right of action for damages under the Indiana Constitution because no such right has yet been recognized by Indiana courts"). Plaintiff does not respond to this argument. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Therefore, any Indiana constitutional claims against the State Defendants should also be dismissed.

### B.     City of Gary

The City of Gary argues that it is not the municipal corporation responsible for the Gary Community School Corporation ("GCSC"), and therefore is not subject to liability. Plaintiff argues that because Westside had an emergency manager, and that that emergency manager was statutorily directed to consider recommendations from the Mayor of Gary and that a board member of the Advisory Board was to be appointed by the City of Gary, the City of Gary is liable for any failings by the GCSC.

GCSC is a separate entity from the City of Gary. Ind. Code §20-23-4-26; Ind. Code § 36-1-2-10. GSCS is governed by an emergency manager. Ind. Code § 20-23-12-3. There is also a fiscal management board. Ind. Code § 6-1.2-20.3-6.8(g)(2). The fiscal management board makes

non-binding recommendations to the emergency manager. Ind. Code § 6-1.1-20-3-6.8(h)(7). The fiscal management board is to apprise the public on the status of the transition. Ind. Code § 6-1.1-20-3-6.8(h)(8).

Plaintiff offers no legal analysis or supporting authority for her argument that because the City of Gary appointed a member of the Advisory Board and that the emergency manager was required to consider recommendations of the Mayor of Gary as to the fiscal matters related to GSCS imposes liability on the City of Gary, a separate municipal corporation from GCSC. In light of the lack of support for her theory, the Court sees no legal basis to extend liability for any failings of GCSC to the City of Gary. *See M.G. Skinner & Assocs. Ins. Agency*, 845 F.3d at 321. Therefore, dismissal of the City of Gary is proper.

## CONCLUSION

For the reasons described above, the Court hereby **GRANTS** Defendants Indiana Department of Education and Indiana Board of Education's Motion to Dismiss [DE 13] and Defendant City of Gary's Motion to Dismiss [DE 26]. The Court **DISMISSES** Counts I and II as to the Indiana Department of Education, Indiana Board of Education, and City of Gary. The Amended Complaint remains pending as to all other Defendants.

SO ORDERED on January 10, 2024.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT