UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RHONDA DENNIE, individually and as )
personal representative of the Estate of V.K.,)
        Plaintiff, )
         )
  v. )   CAUSE NO.: 2:23-CV-16-JEM
         )
ADVISORY BOARD OF GARY )
COMMUNITY SCHOOL CORP., *et al.*, )
        Defendants. )

**OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings [DE 47] filed by Defendants on January 16, 2024.

**I.    Background**

On January 16, 2023, Plaintiff filed a Complaint, amended on January 19, 2023, for claims arising out of injuries suffered by V.K., a student at Westside Leadership Academy who was shot by another student after getting off the school bus at his assigned stop, about three miles away from his home.

A motion to dismiss was filed by Defendants Indiana Department of Education and Indiana Board of Education ("State Defendants") and another by Defendant City of Gary. Both were granted on January 10, 2024. Defendants Advisory Board of Gary Community School Corporation, Gary Community School Corporation, and Westside Leadership Academy ("School Defendants") filed the instant motion for judgment on the pleadings on January 16, 2024. Plaintiff filed a response on January 29, 2024, and on February 8, 2024, Defendants filed a reply.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has

1

jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Tr. Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.    Analysis**

School Defendants argue that the Complaint does not establish the deprivation of any constitutional right. Plaintiff alleges that the School Defendants had insufficient safety measures in place in violation of 42 U.S.C. § 1983 and that they have different policies from those of other neighboring school corporations in violation of the Equal Protection Clause of the Fourteenth Amendment (U.S. Const. amend. XIV) and the Indiana Constitution (Ind. Const. art. I, § 23).

3

A. Equal Protection

School Defendants argue that Plaintiff has failed to state a claim for violation of V.K.'s Equal Protection Rights.

"The Equal Protection Clause grants to all Americans 'the right to be free from invidious discrimination in statutory classifications and other governmental activity.'" *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)); *see also* U.S. Const. Amend. XIV, § 1. For a plaintiff "to establish liability under § 1983" for an equal protection violation, they "must show that the defendants acted with a nefarious discriminatory purpose and discriminated against him based on his membership in a definable class." *Id*.

Plaintiff's Equal Protection claim alleges that School Defendant failed to implement a policy requiring students to be dropped off at a bus stop "within a reasonable walking distance of their homes or at a designated drop off spot," Am. Comp. & 33, unlike neighboring schools in other towns, and that there were "insufficient safety measures to ensure weapons were not brought to the school or on the buses." & 38.

School Defendants argue that Plaintiff has failed to allege a claim for equal protection because here is no allegation that V.K. was a member of a protected class and there are no allegations of discriminatory intent or improper motive in the complaint. Plaintiff argues that School Defendants should be held responsible for treating the students of Westside, almost all of whom are members of minority groups, with less care than schools in other districts treat their students. Plaintiff also argues that there is no need to identify a discriminatory intent at this stage, since that is a fact-specific inquiry.

Plaintiff does not identify V.K.'s race in the Complaint or specifically allege that School Defendants discriminated against him on the basis of his race. Plaintiff alleges that all of the students at Westville were treated differently than the students at other schools, but the School Defendants are

not responsible for that difference, and it is not an equal protection violation for different governmental organizations to make different choices about how they choose to educate their different populaces. School Defendants cannot be found to have a "nefarious purpose" in treating one group differently than they treat another group if there is no allegation that they are treating anyone differently. Nor is Plaintiff alleging a class of one equal protection claim, which requires an allegation of "state action that irrationally singles out and targets an individual for discriminatory treatment as a so-called 'class-of-one.'" *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010) (quoting *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has failed to allege that V.K. was treated differently from other students by School Defendants because of his race or other protected attribute.

B. Due Process

School Defendants argue that Plaintiff has not established a deprivation of any constitutional right. Plaintiff argues that she has stated a claim that V.K. was deprived of a recognized Fourteenth Amendment liberty or property interest. In particular, she asserts that the School Defendants had a constitutional duty to care for the students in their charge and failed to meet that duty, depriving V.K. of his constitutional right to bodily integrity.

"[A] state usually need not protect its citizens from 'private actors.'" *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (quoting *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989); citing *Nabozny*, 92 F.3d at 459 n.13). "[A] state's failure to protect an individual against private violence generally does not constitute a violation of the Due Process Clause" which "is a limitation on the states' power to act; it is not a minimum guarantee of certain levels of safety and security." *Kitzman-Kelley v. Warner*, 203 F.3d 454, 457–58 (7th Cir. 2000) (citing *DeShaney*, 489 U.S. at 201 n. 9). There are two exceptions to the general rule: the state must "protect

5

individuals with whom it has a 'special relationship,' such as a custodial relationship that cuts off alternative avenues of aid" and "when a state actor's conduct 'creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger tha[n] they otherwise would have been.'" *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (quoting *Monfils v. Taylor*, 165 F.3d 511, 516 (7th Cir.1998); *Reed v. Gardner*, 986 F.2d 1122, 1126 (7th Cir.1993)).

### i. Special Relationship

School Defendants argue that they owe only a duty of ordinary and reasonable care to students and are not liable on constitutional claims for private violence, and that public schools do not have custody of children as that is understood in the constitutional context. Plaintiff asserts that whether there is a custodial relationship between V.K. and School Defendants, and therefore the duty of care they owed to V.K., is a complicated question of a fact that cannot be decided at this stage of the proceedings. In particular, Plaintiff argues that compulsory school attendance might be understood to create a custodial relationship.

The narrow special relationship exception "arises . . . not simply from the state's knowledge of the individual's predicament but from the limitations that the state has imposed upon him through a restraint on his personal liberty." *Kitzman-Kelley*, 203 F.3d at 457–58 (citing *DeShaney*, 489 U.S. 189); *see also Monfils*, 165 F.3d at 517 ("The basis of a special relationship is that the state has some sort of control or custody over the individual, as in the case of prisoners, involuntarily committed mentally ill persons, or foster children."). In general, "the government, acting through local school administrations, has not rendered its schoolchildren so helpless that an affirmative constitutional duty to protect arises." *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990) ("[I]t cannot be suggested that compulsory school attendance makes a child unable to care for basic human needs. The parents still retain primary responsibility for feeding, clothing, sheltering, and caring for

the child. By mandating school attendance for children under the age of sixteen, the state of Illinois has not assumed responsibility for their entire personal lives; these children and their parents retain substantial freedom to act."); *see also Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 708 n.6 (7th Cir. 2002) ("This [Seventh] and three other circuits have generally rejected the idea that a school has a 'special custodial relationship' with a student for purposes of the *DeShaney* exception.") (listing cases); *Stevens v. Umsted*, 131 F.3d 697, 702 (7th Cir. 1997) (finding no constitutional duty to protect arose when a minor was voluntarily admitted to a residential school for the visually impaired because he "was not taken into custody by the state, . . . the state never became the legal guardian of [him], and his father retained legal custody of him"); *Moore v. Hamilton Se. Sch. Dist.*, No. 1:11-CV-01548-SEB, 2013 WL 4607228, at *25 (S.D. Ind. Aug. 29, 2013) ("[O]n constitutional claims, municipal entities are not liable for 'private violence' harms allegedly arising from their inaction or failure to protect. It is well-established that public schools are encompassed within this principle—unlike prisons or state mental institutions, they do not have 'custody' of children to the extent necessary to give rise to a constitutional affirmative duty to protect.") (quoting *DeShaney*, 489 U.S. at 197; other citations omitted); *D.S. v. E. Porter Cnty. Sch. Corp.*, No. 2:11-CV-431-PRC, 2013 WL 1827402, at *7 (N.D. Ind. Apr. 29, 2013), aff'd, 799 F.3d 793 (7th Cir. 2015) ("courts have repeatedly rejected the applicability of the special relationship exception to students in schools") (summarizing cases). School Defendants were not the legal guardians of V.K. Attendance requirements do not create a special custodial relationship sufficient to create an affirmative duty, and Plaintiff has not pled facts to support this allegation.

### ii. State-Created Danger

Under the state-created danger theory, Plaintiff must demonstrate "(1) that the state . . . by its affirmative acts, created or increased a danger that [the student] faced; (2) that [the state]'s failure to

protect [the student] from danger was the proximate cause of [their] injury; and (3) that [the state]'s failure to protect [the student] shocks the conscience." *D.S.*, 799 F.3d at 798 (citing *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 818 (7th Cir.2007)). Plaintiff has not alleged that the school or its employees themselves were the ones who harmed V.K., but that "employees of the Westside Leadership Academy" overheard a student make "serious threats to V.K. to commit grievous bodily harm to him," Am. Compl. & 13, and "the metal detectors in place at the school were not functioning" that day so the student had been able to bring a gun to school that day without detection, &15, to then shoot V.K. after he got off the school bus. Even assuming that having working metal detectors at school would have prevented V.K. from being shot after he got off the school bus, the lack of working metal detectors was not the proximate cause of V.K.'s injuries, nor is the failure to have working metal detectors so egregious as to satisfy the third element. "[A] school's inaction or inadequate response to bullying does not 'increase the danger' under a state-created danger due process theory," even in cases where the school was aware of more incidences of bullying over a much longer period of time than a few hours. *Doe v. Sch. Dist. U-46*, 557 F. Supp. 3d 860, 872 (N.D. Ill. 2021) (quoting *Doe v. Evergreen Park Elementary Sch. Dist. 124*, No. 17-CV-3774, 2017 WL 6731867, at *6 (N.D. Ill. Dec. 29, 2017) (St. Eve, J.); citing *Nabozny*, 92 F.3d at 460; *Spruill ex rel. D.N.S. v. Bd. of Educ.*, No. 20 C 4927, 2021 WL 1387949, at *3 (N.D. Ill. Apr. 13, 2021)).

"The state-created danger exception is a narrow one" that "applies where the state creates or increases a danger to an individual," a term that "must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 917 (7th Cir. 2015) (quoting *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty*, 548 F.3d 595, 599 (7th Cir. 2008); citing *Paine v. Cason*, 678 F.3d 500, 510 (7th Cir.2012); *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 538 (7th Cir.2003)). "When courts speak of the state's

"increasing" the danger of private violence, they mean the state did something that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent private violence." *Sandage*, 548 F.3d at 600.

Plaintiff does not allege any affirmative conduct by School Defendants that put V.K. in danger, only that School Defendants failed to do more to prevent the violence V.K. suffered. The Complaint fails to state a claim that School Defendants violated V.K.'s rights to due process.

### C. Indiana Constitution

Defendants also argue that, to the extent that Plaintiff is trying to recover under the Indiana Constitution, there is no private cause of action for damages pursuant to the Indiana Constitution. Plaintiff agrees, and therefore this claim cannot survive.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Judgment on the Pleadings [DE 47] and **DISMISSES** Plaintiff's Complaint against Defendants Advisory Board of Gary Community School Corporation, Gary School Corporation, and Westside Leadership Academy without prejudice. The Court **ORDERS** that any motion for leave to amend the Complaint must be filed by **September 2, 2024**.

SO ORDERED this 31st day of July, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record