UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RHONDA DENNIE, individually and as )
personal representative of the Estate of V.K.,)
      Plaintiff, )
       )
  v. )    CAUSE NO.: 2:23-CV-16-JEM
       )
ADVISORY BOARD OF GARY )
COMMUNITY SCHOOL CORP., *et al.*, )
      Defendants. )

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 59], filed by Plaintiff on September 2, 2024. Defendant Gary Community School Corporation filed a response on September 16, 2024. Plaintiff has not filed a reply and the time to do so has passed.

**I.   Background**

On January 16, 2023, Plaintiff filed a Complaint, amended on January 19, 2023, for claims arising out of injuries suffered by V.K., a student at Westside Leadership Academy who was shot by another student after getting off the school bus at a bus stop about three miles away from his home.

A motion to dismiss was filed by Defendants Indiana Department of Education and Indiana Board of Education ("State Defendants") and another by Defendant City of Gary. Both were granted on January 10, 2024. On July 31, 2024, the Court granted Defendants Advisory Board of Gary Community School Corporation, Gary Community School Corporation, and Westside Leadership Academy ("School Defendants") motion for judgment on the pleadings, finding that

1

Plaintiff failed to state a claim that the School Defendants violated V.K.'s equal protection rights and failed to allege that School Defendants failed to meet a constitutional duty to care for V.K..

Plaintiff now moves to amend the Complaint to establish a claim that either there was a state-created danger or that a special relationship existed between Gary Community School Corporation and V.K. to state a claim that Defendant deprived V.K. of a constitutional right. Defendant argues that the proposed pleading still fails to state a claim on which relief can be granted.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Plaintiff's proposed amended complaint includes a claim that V.K. was harmed through state-created danger because the bus dropped V.K. off miles away from home in a high-crime location where another student was waiting to ambush him. Plaintiff argues that the school failed to meet its duty of care to V.K.

Like the original complaint, the proposed amendment does not establish any sort of custodial care owed by Defendant or special relationship between Defendant and V.K. to establish an affirmative duty owed by Defendant to V.K. *See J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 272 (7th Cir. 1990) ("the government, acting through local school administrations, has not rendered its schoolchildren so helpless that an affirmative constitutional duty to protect arises"). Under the state-created danger theory, Plaintiff must demonstrate "(1) that the state . . . by its affirmative acts, created or increased a danger that [the student] faced; (2) that [the state]'s failure to protect [the student] from danger was the proximate cause of [their] injury; and (3) that [the state]'s failure to protect [the student] shocks the conscience." *D.S.*, 799 F.3d at 798 (citing *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 818 (7th Cir.2007)).

3

Plaintiff does not allege that the school or its employees directly harmed V.K., but alleges:

(1) that GCSC was in or near a high crime area; (2) that metal detectors were installed to prevent crime; (3) that the metal detectors were commonly known by students and faculty alike not to be working; (4) that threats of violence were made by Student A throughout the day; (5) that Student A had a firearm on school premises during the day; (6) that no attempt to intervene throughout the school day was made while Student A made serious threats that were known and overheard by faculty and the student body alike; and (7) that V.K. was dropped off miles from his home in a high crime area directly after these serious threats were made, placing him where Student A was waiting to ambush him.

¶ 22. Defendant argues that the newly-added facts do not relate to the actions or inactions of Defendant. The bus driver has not been identified as an agent or employee of Defendant, and Defendant argues that the act of allowing V.K. to exit the bus at a stop far from his home was not the proximate cause of Plaintiff's damages.

As the Court previously explained, even assuming that having working metal detectors at school would have prevented V.K. from being shot after he got off the school bus, the lack of working metal detectors was not the proximate cause of V.K.'s injuries, nor is the failure to have working metal detectors or failure to intervene so egregious as to satisfy the third element. "[A] school's inaction or inadequate response to bullying does not 'increase the danger' under a state-created danger due process theory," even in cases where the school was aware of more incidences of bullying over a much longer period of time than a few hours. *Doe v. Sch. Dist. U-46*, 557 F. Supp. 3d 860, 872 (N.D. Ill. 2021) (quoting *Doe v. Evergreen Park Elementary Sch. Dist. 124*, No. 17-CV-3774, 2017 WL 6731867, at *6 (N.D. Ill. Dec. 29, 2017) (St. Eve, J.); citing " *Nabozny v. Podlesny*, 92 F.3d 446, 460 (7th Cir. 1996); *Spruill ex rel. D.N.S. v. Bd. of Educ.*, No. 20 C 4927, 2021 WL 1387949, at *3 (N.D. Ill. Apr. 13, 2021)). Instead, "The state-created danger exception is a narrow one" that "applies where the state creates or increases a danger to an individual," a

4

term that "must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 917 (7th Cir. 2015) (quoting *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty*, 548 F.3d 595, 599 (7th Cir. 2008); citing *Paine v. Cason*, 678 F.3d 500, 510 (7th Cir.2012); *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 538 (7th Cir.2003)).

Plaintiff's proposed amendment rearranges the presentation of the facts, but still fails to allege that the school itself caused harm or did something that turned a potential harm into an actual one. *Sandage*, 548 F.3d at 600. ("When courts speak of the state's "increasing" the danger of private violence, they mean the state did something that turned a potential danger into an actual one, rather than that it just stood by and did nothing to prevent private violence.") At the most, Plaintiff still alleges only that Defendant did not act to prevent private violence, which does not state a claim that Defendant violated V.K.'s rights to due process.

Plaintiff also argues that the alleged actions and failures to act by Defendant administrators and faculty support a claim for negligence against Defendant, arguing that Defendant failed to exercise reasonable care and supervision over V.K. As Defendant argues, negligence cannot form the basis for section 1983 claims. *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). To the extent that Plaintiff is attempting to bring a new state law claim for negligence, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c) (a federal court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (explaining that there is a presumption that the district court "will relinquish [that] jurisdiction over any supplemental claim to the state courts") (citing cases).

5

Plaintiff's proposed amendment would be futile, and therefore will not be permitted.

### III.     Conclusion

Accordingly, the Court **DENIES** the Motion for Leave to File Amended Complaint [DE 59] and **ORDERS** that this case is dismissed.

SO ORDERED this 11th day of October, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record